UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAMIRO RAMIREZ,<br><br>               Petitioner,<br><br>   v.<br><br>A. RAMIREZ,<br><br>               Respondent. | Case No. 1:14-cv-00157-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Ramiro Ramirez's Amended Petition for

Writ of Habeas Corpus. (Dkt. 29.) Respondent has filed a second Motion for Summary

Dismissal,[1] arguing that all of Petitioner's claims are noncognizable or procedurally

---

[1] Respondent previously filed a motion for summary dismissal, but later moved to stay the proceedings while Petitioner exhausted claims in state court. The Court stayed the case, mooted Respondent's initial motion for summary dismissal, and lifted the stay once Petitioner's state court proceedings were concluded. (Dkt. 19, 20, 25.)

**MEMORANDUM DECISION AND ORDER - 1**

defaulted. (Dkt. 34.) Petitioner has filed a response to the Motion, and Respondent has filed a reply. (Dkt. 36, 37.)

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 14.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Ramirez v. State*, Case No. 41341, Op. 401 (Idaho Ct. App. March 3, 2014) (unpublished), which is contained in the record at State's Lodging D-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner (along with a co-defendant) was convicted by a jury in the Fifth Judicial District in Jerome County, Idaho, of burglary. (State's Lodging B-4 at 1.) The trial court sentenced Petitioner to ten years in prison with five years fixed, but retained jurisdiction. (*Id*.)

After the period of retained jurisdiction, the trial court suspended Petitioner's sentence and placed him on probation. Petitioner's probation later was revoked and the court ordered the execution of Petitioner's underlying sentence. (*Id*. at 2.) Petitioner appealed, arguing that (1) the trial court erred in denying Petitioner's motion for a

**MEMORANDUM DECISION AND ORDER - 2**

mistrial after a police officer testified as to prior bad acts of Petitioner that had been excluded under Idaho Rule of Evidence 404(b), (2) Petitioner's sentence was excessive, and (3) the trial court abused its discretion in revoking probation. (State's Lodging B-1.) The Idaho Court of Appeals affirmed Petitioner's conviction and sentence, and the Idaho Supreme Court denied review.[2] (State's Lodging B-4; B-6.)

Petitioner then filed a petition for state postconviction relief, raising two claims. First, Petitioner argued that the evidence was insufficient to convict him. Second, Petitioner claimed that his direct appeal counsel rendered ineffective assistance by failing to challenge the following issues on appeal: (1) sufficiency of the evidence; (2) denial of Petitioner's motion for an acquittal; (3) denial of Petitioner's motion to suppress witness identifications[3] based on suggestive police procedures; and (4) denial of Petitioner's motion to sever his trial from that of Petitioner's co-defendant. (State's Lodging C-1 at 3-5, 101-15.) The state district court denied Petitioner's request for counsel and summarily dismissed the petition. (*Id.* at 117-28.)

On appeal from the dismissal of his postconviction petition, Petitioner argued (1) that the trial court erred by failing to appoint counsel during the postconviction proceedings, and (2) that the trial court erred by summarily dismissing the petition.

---

[2]     The conviction of Petitioner's co-defendant was vacated on direct appeal because, while testifying, a police officer improperly commented on the co-defendant's pre-*Miranda* silence, *see Miranda v. Arizona*, 384 U.S. 4365 (1966). (State's Lodging G-1.)

[3]     The witnesses did not actually "identify" Petitioner. Rather, they stated that Petitioner and his co-defendant were "similar in height and build to the men" who committed the burglary and that a sweatshirt found in the vehicle occupied by Petitioner and his co-defendant was "the same as that worn by one of the perpetrators." (State's Lodging G-1 at 2.) However, for the sake of continuity, the Court uses Petitioner's term, "identification," to refer to the witnesses' statements.

**MEMORANDUM DECISION AND ORDER - 3**

(State's Lodging D-1.) In his second argument, though Petitioner generally "assert[ed] that the court should not have dismissed any claim without first appointing counsel, he directly challenge[d] only the dismissal of the claim regarding [appellate counsel's failure to appeal the denial of] the motion to suppress." (*Id.* at 9.)

The Idaho Court of Appeals affirmed the district court's dismissal of the postconviction petition, concluding that Petitioner had not shown the possibility of a valid ineffectiveness claim based on the denial of Petitioner's motion to suppress the out-of-court identifications. (State's Lodging D-4 at 5.) Petitioner had not included in the record any of the documents in the criminal case that would allow the appellate court to review the district court's denial of the motion to suppress. Specifically, Petitioner had not presented the court of appeals with the "transcripts of the suppression hearing[,] other evidence presented on the suppression motion[,] [or] the criminal court's memorandum decision explaining its reasons for denying the suppression motion." (*Id.* at 6.) Therefore, the Idaho Court of Appeals could not "review the post-conviction court's decision in the absence of the evidence on which the post-conviction court based its ruling." (*Id.*) The court declined to consider Petitioner's argument that the circumstances surrounding the witnesses' out-of-court identifications were unduly suggestive, because Petitioner cited "absolutely no authority to support this proposition." (*Id.*) The Idaho Supreme Court denied review. (State's Lodging D-7.)

Petitioner later filed a successive petition for postconviction relief in state court, alleging that his initial postconviction appellate counsel rendered ineffective assistance in failing to argue that the trial court erred in allowing testimony regarding Petitioner's co-

**MEMORANDUM DECISION AND ORDER - 4**

defendant's pre-*Miranda* refusal to speak with police. (State's Lodging E-1 at 3-6.) After the state district court issued a notice of intent to dismiss (*id*. at 21-28), Petitioner responded that instead of asserting ineffective assistance of postconviction appellate counsel, he intended to "correct" his successive petition to assert ineffective assistance of direct appeal counsel. (*Id*. at 30-32.)

The court construed Petitioner's response to the notice of intent to dismiss as a request to amend the petition to assert ineffective assistance of direct appeal counsel. The court denied the request and then dismissed the petition because Petitioner had not shown a "sufficient reason" why the claim was not asserted in the initial postconviction petition.[4] (*Id*. at 37-39.)

On appeal from the denial of Petitioner's successive postconviction petition, Petitioner argued that (1) he should have been appointed counsel during the successive postconviction proceedings, (2) the district court improperly dismissed the petition without a responsive pleading or motion by the state, and (3) Petitioner did not have a meaningful opportunity to present his postconviction claims because he was not appointed counsel in his initial or successive postconviction proceedings. (State's

---

[4]     Although the state district court initially discussed the standards for equitable tolling—thereby appearing to consider whether the successive petition was untimely—it later clearly held that the dismissal was based on Petitioner's failure to articulate a sufficient reason why the claims were not included in the initial petition. *Compare* Idaho Code § 19-4902(a) ("An application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal . . . .") *with* Idaho Code § 19-4908 ("All grounds for relief available to an applicant under this act must be raised in his original . . . application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which *for sufficient reason* was not asserted or was inadequately raised in the original, supplemental, or amended application." (emphasis added)).

**MEMORANDUM DECISION AND ORDER - 5**

Lodging F-1.) The Idaho Court of Appeals affirmed the dismissal of the successive

petition, and the Idaho Supreme Court denied review. (State's Lodging F-4 & F-7.)

In the instant amended federal habeas corpus petition, Petitioner asserts the

following claims:

| | |
|---|---|
| Claim 1: | Ineffective assistance of direct appeal counsel, in violation of the Sixth Amendment, based on counsel's alleged failure to present on appeal the following issues: (a) insufficiency of the evidence; (b) the denial of Petitioner's motion for acquittal; (c) denial of Petitioner's motion to sever the trials of Petitioner and his co-defendant; and (d) denial of Petitioner's motion to suppress witness identifications. |
| Claim 2: | Fourth and Fourteenth Amendment violations based on the trial court's denial of Petitioner's motion to suppress witness identifications that were made under allegedly suggestive circumstances. Specifically, Petitioner states that when the witness viewed Petitioner at a "show up," he was in handcuffs and in a spotlight. |
| Claim 3: | Insufficiency of the evidence, in violation of the Due Process Clause of the Fourteenth Amendment. |
| Claim 4: | Ineffective assistance of trial and direct appeal counsel based on counsel's alleged failure to (a) raise a Confrontation Clause and hearsay objection to an officer's testimony of a co-defendant's statements that incriminated Petitioner, or (b) challenge the admission of testimony that Petitioner's co-defendant refused to speak with police. |

(Am. Pet., Dkt. 29, at 6-11.)

**MEMORANDUM DECISION AND ORDER - 6**

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition.[5] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

## 1.    Fourth Amendment Claim and *Stone v. Powell*

In Claim 2 of the Amended Petition, Petitioner asserts that the trial court erred in denying his motion to suppress witness identifications, made under allegedly suggestive circumstances, in violation of the Fourth Amendment, which is applicable to the states through the Fourteenth Amendment. However, Fourth Amendment claims generally are not cognizable in federal habeas corpus proceedings. *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone*, the United States Supreme Court held that, so long as the state provided the petitioner an opportunity for full and fair litigation of his Fourth Amendment claim in state court, a federal court may not grant habeas corpus relief on the ground that evidence was obtained in violation of the Fourth Amendment. *Id.* at 494. The *Stone* rule is based

---

[5]    The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 15, 33, 38.)

**MEMORANDUM DECISION AND ORDER - 7**

on the principle that the exclusionary rule is "not a personal constitutional right" but is instead a practical way to deter police conduct that violates the Fourth Amendment. *Id.* at 486. The social costs of the exclusionary rule are heavy: the rule "deflects the truthfinding process and often frees the guilty." *Id.* at 490. On collateral review of a criminal conviction, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 494-95.

To determine whether a petitioner had a full and fair opportunity to challenge his Fourth Amendment claim in state court, a federal district court "inquire[s] into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims." *Sanna v. Dipaolo*, 265 F.3d 1, 8 (1st Cir. 2001). If the Court determines that the state court procedures are adequate, the inquiry ends there. *Id*. at 8-9. That is, "[s]o long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims." *Id.* at 9. Stated another way, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Petitioner bears the burden of establishing that the state courts did not consider his Fourth Amendment claim fully and fairly. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

**MEMORANDUM DECISION AND ORDER - 8**

Here, Petitioner's trial counsel asserted a Fourth Amendment violation and moved to suppress the identifications, and Petitioner could have raised the denial of that motion on appeal. Therefore, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, and *Stone v. Powell* bars this Court's consideration of that claim.

## 2.    Procedural Default

Respondent also argues that all of Petitioner's claims are procedurally defaulted. For the reasons that follow, the Court agrees.

### A.    *Procedural Default Standard of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more,

does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of

**MEMORANDUM DECISION AND ORDER - 10**

federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

### B.      Petitioners' Claims Are Procedurally Defaulted

The simplest manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

On direct appeal, the Idaho Court of Appeals denied, on the merits, all of Petitioner's claims—(1) that the trial court should have granted Petitioner's motion for a mistrial based on an officer's testimony regarding excluded evidence of prior bad acts, (2) that Petitioner received an excessive sentence, and (3) that the trial court should not have revoked Petitioner's probation. (State's Lodging B-1.) However, Petitioner asserts none of these claims in the Amended Petition.[6]

On appeal from the denial of Petitioner's initial postconviction petition, the court of appeals addressed only one claim on the merits: that Petitioner should have been granted postconviction counsel. This claim is neither asserted in the Amended Petition nor cognizable in federal court. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) (holding that claims of error during state postconviction proceedings are not cognizable on federal habeas review).

Petitioner also argued during his initial postconviction appeal that direct appeal counsel was ineffective for failing to challenge the trial court's denial of the motion to

---

[6]      The Court notes that Petitioner could not prevail on any of these claims in any event, as they were presented as state law claims, which are not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

**MEMORANDUM DECISION AND ORDER - 11**

suppress; this argument corresponds to Claim 1(d) of the Amended Petition. However, the Idaho Court of Appeals declined to address the claim on the merits, concluding that Petitioner had failed to present "transcripts of the suppression hearing [or] other evidence presented on the suppression motion"; therefore, Petitioner had not provided "a sufficient record to substantiate his . . . claims of error on appeal." (State's Lodging D-4 at 5-6.)

In holding that Claim 1(d) was procedurally barred because of Petitioner's failure to provide an adequate record on appeal, the court of appeals relied on two Idaho state cases: *State v. Murinko*, 702 P.2d 910, 911 (Idaho Ct. App. 1985); and *State v. Beason*, 803 P.2d 1009, 1011 (Idaho Ct. App. 1991), both of which held that the appellant "bears the burden of establishing a record, and presenting it on appeal, to substantiate his claims or contentions before the appellate court." These cases had been decided long before Petitioner took his appeal from the denial of his initial postconviction petition, and Petitioner has not submitted any evidence to suggest that this procedural rule was not "clear, consistently applied, and well-established" at the time of Petitioner's procedural default. *See Martinez v. Klauser*, 266 F.3d at 1093 (internal quotation marks omitted). Nor has Petitioner established that the rule requiring an appellant to present a sufficient record on appeal is dependent on federal law. *See Bennett*, 322 F.3d at 581. Therefore, Claim 1(d) is procedurally defaulted because the Idaho Court of Appeals declined to address it based on an adequate and independent state procedural ground.

Moreover, Petitioner did not fairly present his claim that the circumstances surrounding the witnesses' out-of-court identifications were unduly suggestive, because he did not support that claim with argument or authority. In declining to address the

**MEMORANDUM DECISION AND ORDER - 12**

claim, the Idaho Court of Appeals cited *State v. Zichko*, 923 P.2d 966, 970 (Idaho 1996). The Ninth Circuit has previously held that *Zichko* established an adequate and independent state procedural rule. *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Therefore, Petitioner's claims that were raised during his initial postconviction appeal are procedurally defaulted.

Finally, all of the claims raised by Petitioner on appeal from the dismissal of his successive postconviction petition are procedurally defaulted because Petitioner had not established a "sufficient reason," under Idaho Code § 19-4908, why the claims were not included in the initial state postconviction petition. Petitioner has not established that § 19-4908 is inadequate or dependent upon federal law. Therefore, Petitioner did not fairly present any claims raised during his successive postconviction proceedings.

For the reasons set forth above, all of Petitioner's claims are procedurally defaulted.

### C.   *Petitioner Has Not Established an Excuse for His Default*

The Court's conclusion that Petitioner's claims are procedurally defaulted does not end the inquiry. If a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under

**MEMORANDUM DECISION AND ORDER - 13**

*Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

Although Petitioner does not assert that he is actually innocent, he does appear to argue that Claim 4(b)—ineffective assistance of counsel based on testimony that his co-defendant refused to speak with police—is excused from procedural default because the state court's failure to appoint him counsel during his postconviction proceedings constitutes cause and prejudice. (Dkt. 36.) This is an argument based on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), in which the Supreme Court held that ineffective assistance of postconviction review counsel, or lack of initial postconviction counsel, can excuse the procedural default of an underlying claim of ineffective assistance of counsel ("IAC"). Petitioner does not argue that the default of any other claim is excused.

> i.   Cause and Prejudice Standard of Law

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

However, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), worked a "remarkable" equitable change in the law governing procedurally defaulted ineffective assistance of

**MEMORANDUM DECISION AND ORDER - 14**

counsel claims, *Lopez v Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012). *Martinez* altered the

long-standing prohibition of *Coleman v. Thompson*, 501 U.S. 722 (1991), that ineffective

assistance of postconviction review counsel (or lack of counsel during postconviction

proceedings) could not be used to excuse the procedural default of a constitutional claim.

In effect, *Martinez* created the potential for an exception to the overall ban on new

evidence in § 2254 actions that was pronounced in *Cullen v. Pinholster*, 131 S. Ct. 1388

(2011) (interpreting the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA)). *Martinez* makes it possible for procedurally defaulted ineffective assistance

of trial counsel claims to be heard de novo, with new supporting evidence, on federal

habeas corpus review. *See Dickens v. Ryan*, 740 F.3d at 1320 ("We reject any argument

that *Pinholster* bars the federal district court's ability to consider Dickens's 'new' IAC

claim. . . . *Pinholster* says nothing about whether a court may consider a 'new' claim,

based on 'new' evidence not previously presented to the state courts."). The Ninth Circuit

has concluded that the *Martinez* exception—which addressed underlying claims of

ineffective assistance of trial counsel can also apply to claims of ineffective assistance of

direct appeal counsel. *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-94 (9th Cir. 2013).

The *Martinez* exception applies only to claims that are exhausted *and* procedurally

defaulted.

  In *Trevino v. Thaler*, the Supreme Court described and clarified the *Martinez*

cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim

of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" for the

procedural default consists of there being "no counsel" or only "ineffective" counsel

**MEMORANDUM DECISION AND ORDER - 15**

during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the ineffective assistance of trial counsel claim could have been brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. 133 S. Ct. 1911, 1918, 1921 (2013). The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of an underlying IAC claim. *See Martinez*, 132 S. Ct. at 1319.

To be entitled to application of the *Martinez* exception, a petitioner must first bring forward facts demonstrating that his ineffective assistance of counsel claim is substantial. The United States Supreme Court has defined "substantial" as a claim that "has some merit." *Martinez*, 132 S. Ct. at 1318 (comparing the standard for certificates of appealability from *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Stated inversely, a claim is "*in*substantial" if "it does not have any merit or . . . is wholly without factual support." *Id.* at 1319.

Determining whether an IAC claim is substantial requires a federal court to examine the claim under *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel under *Strickland* must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

**MEMORANDUM DECISION AND ORDER - 16**

Under the first *Strickland* prong, whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the reasonableness of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions, such as the choice of a defense or which witnesses or other evidence to present, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Id.* at 690. Moreover, an attorney who decides not to investigate a particular theory or issue in the case is not ineffective so long as the decision to forego investigation is itself objectively reasonable. *Id.* at 690-91.

If a petitioner shows that counsel's performance was deficient, the next step in the *Strickland* inquiry is the prejudice analysis. "An error by counsel, even if professionally

**MEMORANDUM DECISION AND ORDER - 17**

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To satisfy the prejudice standard, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as a "probability sufficient to undermine confidence in the outcome." *Id.* As the *Strickland* Court instructed:

> In making [the prejudice] determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96.

These standards from *Strickland* for determining deficient performance and prejudice are, of course, the standards for an eventual review of the merits of the underlying IAC claim. The question whether an IAC claim is substantial under *Martinez* is not the same as a merits review; rather, it is more akin to a preliminary review of a *Strickland* claim for purposes of determining whether a certificate of appealability should issue. *See Martinez*, 132 S. Ct. at 1318-19. Therefore, a court may conclude that a claim

**MEMORANDUM DECISION AND ORDER - 18**

is substantial when a petitioner has shown that resolution of the merits of the *Strickland* claim would be "debatable amongst jurists of reason" or that the issues presented are "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). Thus, to determine whether a claim is substantial, *Martinez* requires the district court to *review* but not *determine* whether trial or appellate counsel's acts or omissions resulted in deficient performance and in a reasonable probability of prejudice, and to *determine* only whether resolution of the merits of the IAC claim would be debatable among jurists of reason and whether the issues are deserving enough to encourage further pursuit of them.

> ii.     Petitioner Has Not Shown Cause and Prejudice to Excuse the Procedural Default of Claim 4(b), because that Claim is Not Substantial under *Martinez*

In Claim 4(b), Petitioner alleges that his trial counsel rendered ineffective assistance in failing to object to a police officer's testimony that Petitioner's *co-defendant* invoked his right to remain silent and refused to speak to the police, and that Petitioner's direct appeal counsel rendered ineffective assistance in failing to raise this issue on appeal.

Petitioner's co-defendant, Garrett A. Digiallonardo, challenged on appeal the police officer's testimony that Digiallonardo refused to speak with police. The Idaho Court of Appeals reversed Digiallonardo's conviction, concluding that the officer's comment was inadmissible because it violated Digiallonardo's Fifth Amendment right to be free from self-incrimination and that the error was not harmless. (State's Lodging G-

**MEMORANDUM DECISION AND ORDER - 19**

1.) Petitioner relies on the fact that Digiallonardo obtained relief on his Fifth Amendment claim to argue that Petitioner also should obtain relief.

The Fifth Amendment right against self-incrimination prohibits the admission, in the government's case-in-chief, of evidence of a criminal defendant's post-arrest, pre-*Miranda* silence. *United States v. Velarde-Gomez*, 269 F.3d 1023, 1029-30 (9th Cir. 2001). Petitioner's claim is insubstantial because the officer commented only on *Digiallonardo's* silence; the testimony clearly had nothing to do with Petitioner himself. Therefore, trial counsel did not perform deficiently in failing to object to the officer's testimony on Fifth Amendment grounds, and direct appeal counsel did not perform deficiently in failing to raise the issue on appeal. Claim 4(b) "does not have any merit." *Martinez v. Ryan*, 132 S. Ct. at 1319.

## CONCLUSION

Claim 2 is noncognizable, and all of Petitioner's claims are procedurally defaulted. Because Petitioner has not established cause and prejudice to excuse the procedural default of his habeas claims, the Court will dismiss this case with prejudice.

## ORDER

**IT IS ORDERED:**

1.    Respondent's Motion for Summary Dismissal (Dkt. 34) is GRANTED, and the Amended Petition is DISMISSED with prejudice.

2.    The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If

**MEMORANDUM DECISION AND ORDER - 20**

Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **April 22, 2016**

Honorable Candy W. Dale
United States Magistrate Judge